# UNITED STATES DISTRICT COURT

for

## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

U.S.A. vs. Travanon Kenric AlexisDocket No. 5:07-CR-126-1BR

## Petition for Action on Supervised Release

     COMES NOW Debbie W. Starling, probation officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Travanon Kenric Alexis, who, upon an earlier plea of guilty to Forcibly Resist, Oppose, Impede, Intimidate and Interfere With an Officer or Employee of the United States, in violation of 18 U.S.C. § 111(a)(1), was sentenced by the Honorable W. Earl Britt, Senior U.S. District Judge, on January 7, 2008, to the custody of the Bureau of Prisons for a term of 30 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for 36 months under the standard conditions adopted by the court and the following additional conditions:

1. The defendant shall participate as directed in a program approved by the probation office for the treatment of narcotic addiction, drug dependency, or alcohol dependency which will include urinalysis testing or other drug detection measures and may require residence or participation in a residential treatment facility.

2. The defendant shall abstain from the use of any alcoholic beverages, shall not associate with individuals consuming alcoholic beverages, shall not frequent business establishments whose primary product to the consumer is alcoholic beverages, and shall not use any medication containing alcohol without the permission of the probation office or a prescription from a licensed physician.

3. The defendant shall consent to a warrantless search by a United States Probation Officer or, at the request of the probation officer, any other law enforcement officer, of the defendant's person and premises, including any vehicle, to determine compliance with the conditions of this judgment.

4. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

     Travanon Kenric Alexis was released from custody on July 10, 2009, at which time the term of supervised release commenced.

     On May 24, 2011, the defendant's conditions were modified to include 24 hours of community service as a sanction for drug use. On July 15, 2011, his conditions were modified to include cognitive behavioral therapy as an additional resource to prevent further drug use. On October 12, 2011, the court continued the defendant's supervision after he was charged with No Operator's License and Speeding.

Travanon Kenric Alexis
Docket No. 5:07-CR-126-1BR
Petition For Action
Page 2

On October 24, 2011, his conditions were modified to include Remote Alcohol Monitoring, curfew in conjunction with Remote Alcohol Monitoring not to exceed 90 days, and mental health treatment as directed by the probation office, in response to new criminal conduct and alcohol use.

On December 9, 2011, his supervision was continued after instances of alcohol use while on remote alcohol monitoring.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** On March 12, 2012, the probation officer conducted an unannounced home visit at the defendant's residence. Upon arrival, an odor of alcohol was detected about the defendant and he admitted he had consumed alcohol earlier in the day.

The defendant completed the remote alcohol monitoring program, and successfully completed the cognitive behavioral therapy program as well as substance abuse counseling in February 2012. As a result of his alcohol use on March 19, 2012, he was re-assessed on March 20, 2012. At that time, it did not appear that detox was appropriate. Based upon his relapse, it was recommended by the treatment provider that Alexis resume weekly counseling sessions, in addition to support group meetings in the community. He was described by the therapist as a functional alcoholic. He continues to work on a full-time basis, and desires to maintain his employment, and care for his family. He has expressed remorse over his decision to consume alcohol, especially having less than four months remaining on his term of supervised release.

In additional to counseling and in an effort to monitor/deter any further instances of alcohol use, it is respectfully recommended that his conditions of supervision be modified to include remote alcohol monitoring and curfew (in conjunction with remote alcohol monitoring) which would remain in place until the expiration of his supervision term on July 9, 2012.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall abide by all terms and conditions of the Remote Alcohol Monitoring Program, as directed by the probation officer, until the expiration of his supervision. The defendant shall comply with the program procedures. The probation office will assume financial responsibility for the program fees.

Travanon Kenric Alexis
Docket No. 5:07-CR-126-1BR
Petition For Action
Page 3

2. The defendant shall adhere to a curfew as directed by the probation officer in conjunction with the Remote Alcohol Monitoring Program. The defendant is restricted to his residence during the curfew hours.

Except as herein modified, the judgment shall remain in full force and effect.

| Reviewed and approved, | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|
| /s/ Robert L. Thornton<br>Robert L. Thornton<br>Supervising U.S. Probation Officer | /s/ Debbie W. Starling<br>Debbie W. Starling<br>U.S. Probation Officer<br>310 Dick Street<br>Fayetteville, NC 28301-5730<br>Phone: (910) 483-8613<br>Executed On: March 21, 2012 |

**ORDER OF COURT**

Considered and ordered this  22  day of  March , 2012, and ordered filed and made a part of the records in the above case.

_____
W. Earl Britt
Senior U.S. District Judge